GEORGE R. TOLMAN *vs.* SETH L. PHELPS.

LAW.    No. 21,319.

{ Decided March 3, 1884.
{ The CHIEF JUSTICE and JUSTICES Cox and JAMES sitting.

In an action for malicious prosecution, it is error to leave to the jury the determination of the question whether the defendant had probable cause for the prosecution complained of. It is the duty of the court to instruct the jury what facts, if proven, would constitute such probable cause; and it is the province of the jury to determine whether such facts are established by the testimony.

### STATEMENT OF THE CASE.

On June 4, 1879, the defendant caused the plaintiff to be arrested on a charge of embezzling certain building plans, drawings and specifications, which had been prepared, wholly or in part, by the plaintiff while in defendant's employ as an architect. The plaintiff, after trial, was discharged, and the action in this case was brought by him to recover damages from the defendant for malicious prosecution.

At the trial below, the court, after reviewing the testimony, and dwelling upon certain features of it as bearing upon the question of probable cause, concluded the charge to the jury as follows:

"Now, the whole question is, whether, in the first place, Mr. Phelps, as a reasonable and just man, had probable grounds to believe that Mr. Tolman intended fraudulently to convert those drawings to his own use. It is admitted that they were in his possession; that Tolman had been in employment for Phelps in some capacity or other, and that these drawings had come into his possession in the course of that employment. He would, therefore,

come within the terms of the statute that has been referred to, if he retained them without any claim or right, with a fraudulent intent of converting them to his own use. Now, if you think that Mr. Phelps, as a reasonable man, had probable cause, if you think that such is the case, then, while it was a very serious blunder for him to commit, to have a man arrested for an offence which it turned out finally he was not guilty of, yet if he acted honestly in the premises, he is not subject to this action. Again, if you come to the conclusion that Mr. Riddle, who was his counsel in the replevin suit, and to whom he stated this case (if you believe that was an honest interview between those two gentlemen), advised him that, under the circumstances and facts of the case, Mr. Tolman was subject to prosecution under this statute, on the ground that Tolman withheld these drawings with a fraudulent design of converting them to his own use, that would exclude Mr. Phelps from this action; that is, if it was an honest and fair statement of the case. The question of damage you will consider if you find for the plaintiff."

Judgment went for the plaintiff for the sum of $500, and the defendant moved for a new trial, taking three exceptions to the rulings and charge of the court below. The third exception alone was considered by the court in reviewing the judgment, and so much only of the case is here dealt with as is necessary to an understanding of the ground of reversal.

The third exception was " to the said charge, for the reason that it left the question of what constitutes probable cause to the jury, and that the jury were not informed by it what circumstances, if proven, would have constituted probable cause for the arrest complained of."

A. G. RIDDLE and FRANCIS MILLER for defendant:

The court below failed to instruct the jury as to what facts, if proven, would constitute probable cause for the prosecution complained of. The rule of law is, that the jury are to find whether the facts claimed as constituting probable cause have been proven, and the court is to determine

whether, as matter of law, the said facts make out a defence of probable cause. The court should tell the jury distinctly whether, the facts being found to be as alleged, probable cause has or has not been established. The justice trying this cause failed to do this, and that failure entitles the defendant to a new trial.

Henry E. Davis for plaintiff:

That the court should tell the jury what facts, if proved, constitute probable cause, is undoubted. But in this case the court met that requirement. Although not embodied in any single, sharply-defined statement to the jury, the facts which would have justified the arrest of the plaintiff were all pointed out by the court in its charge, and the concluding portion of the charge in no wise changes anything already said by the court on the subject of probable cause. It amounts only to saying to the jury: "If you think the defendant had probable cause, as I have defined it, he is entitled to your verdict."

Mr. Justice James delivered the opinion of the court,

We think that a new trial must be granted in this case on a single ground. The testimony on both sides is fully set forth in the record. On that testimony the court below was asked for instructions, some of which were granted and some refused; and finally the court charged the jury with great fullness. At the close of the charge, the defendant excepted to it, claiming that it left the question of what constitutes probable cause to the jury.

The court went over all the circumstances; but it is complained in the third exception that it left the jury to determine what was probable cause. That, we think, was really the effect of the whole instruction, though some portions of the charge began to tell the jury whether this or that fact constituted probable cause. But even after the court had touched upon the effect of particular facts, the jury were, it might be said, affirmatively given to understand that they might make up their minds as to whether the facts might constitute probable cause.

The law in this respect was settled by this court in another case—Coleman *vs.* Heurich, 2 Mackey, 189—it is not necessary to go into authority beyond that. It is settled here, and everywhere, that it is for the court to tell the jury what facts would constitute probable cause. Substantially, the court only told the jury the rule of law, that probable cause was what a reasonable, intelligent man would think justified him in making the charge. It is not everybody who is supposed to know, neither prosecutor nor jury, what facts make up a crime, and therefore it is necessary that the court should tell the jury what facts justify a person in alleging crime. The court did not follow that course, but really gave the jury to suppose that they might examine all that testimony and make up their own minds as to what would constitute probable cause.

There are other points made in the case, but it is enough to say that this clearly misled the jury, and the judgment must be reversed and a new trial had.